## A93A1502. LYSFJORD v. THE STATE.
### (432 SE2d 247)

McMurray, Presiding Judge.

Defendant Lysfjord appeals her conviction of the offenses of speeding, fleeing and attempting to elude a law enforcement officer, two counts of interference with government property, leaving the scene of an accident, aggravated assault, reckless driving, and possession of cocaine. *Held:*

1. Defendant contends that the evidence was not sufficient to authorize her conviction. The evidence viewed in a light most favorable to upholding the verdict of the jury shows that Trooper Giles using radar to check for speeders on an interstate highway got a reading on a gray BMW driven by defendant of 74 mph in a 55 mph zone. Trooper Giles activated his blue light and attempted to stop the BMW, but the defendant failed to pull over when the trooper used his siren, pulled alongside of the BMW in an attempt to wave her over, and pulled in front of her and slowed down. Defendant then pulled out and passed Trooper Giles, looking at him and shaking her finger at him as she passed beside him. At this point, Trooper Giles used his radio to call for assistance. Trooper Stewart responded by attempting a rolling roadblock in front of defendant, but she passed him by using the emergency lane. The chase continued at speeds in excess of 100 mph into Bartow County and repeated attempts to stop defendant with a rolling roadblock were made with the assistance of additional state troopers and Bartow County deputy sheriffs. In the course of the chase and the attempts to stop her, defendant repeatedly drove on the median and shoulder of the roadway in order to evade the rolling roadblocks, and rammed several law enforcement vehicles including those of Trooper Stewart and Deputy Benton. Finally, the officers succeeded in stopping defendant and placing her under arrest. Defendant's vehicle was impounded and during the inventory search cocaine was found in a container on the front passenger's seat and in a duffle bag in the trunk.

Defendant testified that she was traveling on the interstate highway when her vehicle was rammed by a police vehicle she had just passed. She stated that she was confused about what was going on and that after the police vehicle struck her car twice, she moved into the next lane and accelerated to a higher speed. After the police car continued ramming her, she decided not to stop even though the police car then had its blue light on. Defendant testified that from this point she was afraid to stop, and tried to get away to escape attempts by the police car to cause her to have a collision. She also denied that there was any cocaine in her car.

In such cases as this, the determination of credibility and resolution of conflicts in the evidence are for the jury. This court does not

reweigh the evidence but only determines its legal sufficiency. *Holcomb v. State*, 198 Ga. App. 547 (1) (402 SE2d 520). Defendant's argument that the State failed to carry its burden of proof as to the element of criminal intent is not well founded as such intent may be inferred by the jury from the conduct, demeanor, and all other circumstances connected with the acts for which defendant was convicted. *Peterson v. State*, 204 Ga. App. 532, 533 (1) (419 SE2d 757). After a careful review of the entire record, we find that the evidence is sufficient to authorize any rational trier of fact to find defendant guilty beyond a reasonable doubt of the offenses of which she was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Blige v. State*, 205 Ga. App. 133, 136 (7) (421 SE2d 547).

2. In the remaining enumeration of error, defendant contends that the trial court erred in applying OCGA § 15-12-160, as amended by Ga. L. 1992, p. 1981, so as to require defendant to select her trial jury from a panel of 30 rather than from a panel of 42 jurors. Where the panel put upon a defendant does not contain the requisite number of jurors, the sole remedy is a challenge to the array and no other method of complaint as to the deficiency is open to the defendant. *Cauley v. State*, 130 Ga. App. 278, 280 (a), 282 (203 SE2d 239). And, under OCGA § 15-12-162, a challenge to the jury array must be in writing. As no written challenge to the array was filed in the case sub judice, we may not consider this issue on appeal. *Terrell v. State*, 201 Ga. App. 628, 629 (2a) (411 SE2d 779).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 2, 1993.

*Culverhouse & Deems, T. Neal Brunt*, for appellant.
*T. Joseph Campbell, District Attorney, H. Gray Skelton, Jr., Assistant District Attorney*, for appellee.