## A02A1236. WEAVER v. THE STATE.
(568 SE2d 836)

ANDREWS, Presiding Judge.

Dennis Waymon Weaver was found guilty by a jury of aggravated assault on his wife, second degree cruelty to his wife's child, and obstructing his wife from making a 911 telephone call. He appeals claiming the aggravated assault and cruelty to a child verdicts were not supported by the evidence, and that the trial court erred by refusing a requested jury charge related to the aggravated assault offense. We find no error and affirm the judgment of conviction.

1. The State presented testimony from Weaver's former wife and her minor child that Weaver, while under the influence of alcohol, was engaged in an argument with his then wife at their residence. In the presence of his wife and the child, Weaver threatened to kill them and retrieved a shotgun. Fearing for her life, Weaver's wife ran outside the residence with a portable telephone and attempted to call 911. Weaver pulled the telephone wire out of the wall to prevent the 911 call and, with shotgun in hand, pursued his wife outside calling her name. The wife and child escaped to a neighbor's house where they called the police.

Weaver claims that, because there was no evidence he actually pointed the shotgun at his wife, the State failed to prove there was an aggravated assault.

> Under [OCGA § 16-5-21 (a)], aggravated assault has two essential elements: (1) [an assault by] an attempt to commit a violent injury, or an act that places another in reasonable apprehension [of immediately receiving such injury], *and* (2) that the assault was aggravated by either (a) an intention to murder, rape or rob, or (b) the use of a deadly weapon.

(Footnote omitted; emphasis in original.) *Smith v. Hardrick*, 266 Ga. 54, 55 (2) (464 SE2d 198) (1995). In other words, an aggravated assault is committed under OCGA § 16-5-21 (a) when a simple assault under OCGA § 16-5-20 (a) is committed with an intent to murder, rape, or rob, or by use of a deadly weapon. *Collins v. State*, 199 Ga. App. 676, 677 (405 SE2d 892) (1991). Weaver's threat to kill his wife, coupled with evidence that he immediately retrieved the shotgun and pursued his fleeing wife with the shotgun in hand, was sufficient to establish the commission of an aggravated assault. The evidence showed an assault by the commission of an act that placed Weaver's wife in reasonable apprehension of immediately receiving a violent injury, which assault was aggravated by the use of a deadly

weapon, the shotgun, in a threatening manner. Compare *Nichols v. State*, 238 Ga. App. 412, 413-414 (519 SE2d 20) (1999); *Phillips v. State*, 250 Ga. 336, 338 (297 SE2d 217) (1982).

The evidence was also sufficient for a rational trier of fact to conclude beyond a reasonable doubt that Weaver was guilty of: (1) second degree cruelty to the child by committing the aggravated assault with knowledge that it was done in the child's presence (OCGA § 16-5-70 (c) (2)), and (2) obstruction of his wife's attempt to make or complete a 911 telephone call. OCGA § 16-10-24.3.

2. Weaver contends the trial court erred by refusing to give a requested jury charge defining a simple assault. There is no merit to this contention. A charge on simple assault is not necessary to make a charge on aggravated assault complete. *Spaulding v. State*, 185 Ga. App. 812, 813 (366 SE2d 174) (1988). Moreover, there was no written request to give the charge at issue, and the instructions given to the jury by the trial court were sufficient to explain the elements of aggravated assault. Id.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JULY 16, 2002.

*Hudson & King, David R. Trippe*, for appellant.
*N. Stanley Gunter, District Attorney, G. Robert Ryan, Jr., Assistant District Attorney*, for appellee.