## S03A0242. OLIVER v. THE STATE.
### (581 SE2d 538)

BENHAM, Justice.

Appellant Calvin Oliver was convicted and sentenced for the malice murder of Melissa Jennings and the burglary of the victim's apartment in Gwinnett County.[1] He appeals the judgment of conviction and, after reviewing the record, we affirm.

1. The victim was found by her fiancé on March 15, 1999, strangled to death with a single stocking in the Gwinnett County apartment they shared. The bedroom appeared to have been ransacked, and the contents of the victim's purse were scattered on the floor by the front door. According to her co-workers, the victim had left work during the lunch hour to return to the apartment. There was no sign of forced entry into the apartment, and the victim's fiancé testified he had been the last person to exit the apartment the morning the victim was killed, and that he had locked the deadbolt lock. The fiancé also testified that the murder weapon was not the type of stocking the victim wore, and its mate was not found. Appellant was a maintenance worker at the apartment complex where the victim lived and had access to keys to all the apartments. A diamond engagement ring later identified as belonging to the victim was found in an authorized search of appellant's apartment. A resident of the apartment complex testified appellant once had entered her locked apartment without knocking and, upon finding her in the apartment, had st  te  he was

---

[1] Appellant was arrested for Ms. Jennings' murder on March 24, 1999, and was indicted on June 11, 1999, by the Gwinnett County grand jury for malice murder, felony murder, burglary, and theft by taking. His trial commenced on October 9, 2000, and concluded on October 13 with the jury's return of guilty verdicts on all counts. On October 16, 2000, the trial court filed the sentence imposed on appellant: life imprisonment for the malice murder conviction and a consecutive twenty-year sentence (to serve ten years) for the burglary conviction. The felony murder conviction was vacated by operation of law, and the theft by taking conviction merged into the burglary conviction. Appellant's motion for new trial, filed by appellate counsel on October 27, 2000, was amended on July 9, 2001, by trial counsel whom the trial court had appointed co-appellate counsel in April 2001. The amended motion for new trial was denied October 9, 2001, and a notice of appeal filed on October 16, 2001. The case was docketed in this Court on October 22, 2002, and submitted for decision on the briefs.

replacing light bulbs. Upon being told by the tenant she had not requested such a service, appellant told her it must have been for a similarly-numbered apartment; a check with management revealed there was no work order for light bulb replacement. Another tenant testified that her security system monitoring service twice reported an entry into her apartment and each time she found the door unlocked when she got home. Afterwards, appellant told her he had a work order for her apartment and asked her to disarm the security system. When apartment management told her there was no work order for her apartment, she continued to arm the security system. A redacted videotape of two police interviews with appellant was played for the jury. Appellant mentioned his prior convictions for burglary and rape and, while alone, made statements purportedly talking about suicide, which the trial court admitted as evidence of consciousness of guilt.

Appellant contends the trial court erroneously denied his motion for directed verdict of acquittal because there was insufficient evidence of malice and the elements of burglary were not established. In reviewing a trial court's denial of a defendant's motion for directed verdict of acquittal, an appellate court applies the "sufficiency of the evidence" test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Morgan v. State*, 276 Ga. 72 (1) (575 SE2d 468) (2003). Legal malice "is an unlawful intention to kill, without justification or mitigation. . . ." *Bailey v. State*, 70 Ga. 617, hn. 2 (1883). Whether a killing is intentional and malicious is for the jury to determine from all the facts and circumstances. *Blair v. State*, 245 Ga. 611 (3) (266 SE2d 214) (1980). One commits burglary when, without authority and with the intent to commit a felony, a person enters the dwelling house of another. OCGA § 16-7-1 (a). The evidence presented was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder and burglary. *Jackson v. Virginia*, supra.

2. The trial court permitted the playing of a redacted videotape of two custodial interrogations of appellant. Appellant contends the admission was error because police continued to interrogate him after he had invoked his constitutional rights to remain silent and to consult with counsel. Appellant also contends the content of the videotaped conversations between appellant and the officers about recent uncharged burglaries in the apartment complex and appellant's prior criminal record were inadmissible. The trial court determined that the segment involving the uncharged burglaries was admissible as a circumstance of appellant's arrest, and the segment containing appellant's statements about his criminal record was admissible because it was freely and voluntarily given without hope of benefit or fear of injury after appellant had been advised of his rights under

*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), and the segment was "relevant to [appellant's] intent and course of conduct, even though it incidentally places [appellant's] character in issue."

The trial court ruled inadmissible portions of the videotape where the trial court found the interrogating officer had attempted to sidestep appellant's invocation of his constitutional rights, and those portions were not presented to the jury. Statements volunteered by appellant and not in response to questioning seeking to elicit incriminating responses are not inadmissible. *Miranda v. Arizona*, supra, 384 U. S. at 478; *Edwards v. Arizona*, 451 U. S. 477, 478 (101 SC 1880, 68 LE2d 378) (1981). Circumstances surrounding an accused's arrest are also admissible. *Dukes v. State*, 273 Ga. 890 (4) (548 SE2d 328) (2001). We cannot say the trial court erred in admitting the redacted videotape.

3. Appellant takes issue with the admission of the similar transaction testimony concerning his use of keys to gain entry into the apartments of women, ostensibly for maintenance purposes. One transaction took place three months before the victim was murdered; the other took place days before the murder. Appellant contends neither prior transaction was sufficiently similar to the crimes charged to be admissible under *Williams v. State*, 261 Ga. 640 (2) (409 SE2d 649) (1991). At a pre-trial hearing, the trial court determined the similar transaction evidence was admissible to establish motive, intent, and course of conduct. The trial court's finding of similarity or connectivity is not disturbed unless it is clearly erroneous. *Smith v. State*, 273 Ga. 356 (2) (541 SE2d 362) (2001). In light of the similar method of entry in the same apartment complex in a three-month period of time, we are unable to conclude that the trial court's findings were clearly erroneous; accordingly, we can find no reversible error. Id.

4. Next, appellant complains that the trial court erred when it did not uphold appellant's challenge to the State's exercise of its peremptory strikes to remove the two African-Americans from the venire. See *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). The *Batson* motion was untimely since it was made after the jury was selected and sworn. *Laney v. State*, 271 Ga. 194 (3) (515 SE2d 610) (1999) (trial court did not err in dismissing *Batson* challenge made after jury sworn); *Berry v. State*, 268 Ga. 437 (2) (490 SE2d 389) (1997) (*Batson* claim should be made before jury is sworn). Nonetheless, the trial court found that the reasons enunciated by the State for exercising its strikes were race-neutral: one veniremember was an attorney and the assistant district attorney said he always struck attorneys; the other veniremember was a crime victim who had declined to prosecute her husband after he was arrested for

allegedly assaulting her with a weapon. "An explanation is not racially neutral if it is based on 'a characteristic that is peculiar to any race' [cits.] or a stereotypical belief. [Cit.]" *Turner v. State*, 267 Ga. 149, 151 (2) (476 SE2d 252) (1996). We conclude the trial court was not clearly erroneous when it determined appellant failed to carry his burden of showing the State's exercise of its strikes was motivated by discriminatory intent. *Lance v. State*, 275 Ga. 11 (12) (560 SE2d 663) (2002).

5. Appellant next contends the trial court erred by admitting into evidence pre-incision autopsy photos of the victim. Pre-incision autopsy photos depicting the location and nature of the victim's wounds are relevant and material and are therefore admissible. *Rucker v. State*, 270 Ga. 431 (4) (510 SE2d 816) (1999). The trial court has broad discretion in balancing the probative and prejudicial nature of such photos and did not abuse its discretion in admitting the photos at issue. See *Dean v. State*, 273 Ga. 806 (2) (546 SE2d 499) (2001).

6. Appellant maintains he was erroneously denied a mistrial following the reaction of members of the victim's family to the presentation of a videotape of the crime scene before the victim's body had been removed. In response to appellant's motion for mistrial, the trial court found the motion was not timely since it was made after the assistant district attorney had moved on to another topic after concluding his questioning regarding the video, and then had asked the court for a bench conference at which defense counsel made his motion. The trial court denied the motion on its merits after finding that two persons had left the courtroom sobbing, but "there was no outburst of any great degree." When the jury returned, the trial court instructed them that the reaction of the members of the victim's family was not to affect jury deliberations and was not to be given any weight. Appellant contends the trial court erred in failing to take the additional cautionary steps of asking the jurors individually whether they could disregard the emotional reaction and repeating the curative instruction in the final jury charge. See *Messer v. State*, 247 Ga. 316 (6) (276 SE2d 15) (1981).

> Measures to be taken as a result of demonstrations and outbursts which occur during the course of a trial are matters within the trial court's discretion unless a new trial is necessary to insure a fair trial. Where the trial court fails to act to stop a disturbance, or fails to instruct the jury to disregard it, and the demonstration will prevent the defendant from receiving a fair trial, the court must grant a new trial. [Cits.]

*Id.* at 324. Pretermitting the issue of the timeliness of appellant's

motion for mistrial, we conclude the trial court did not abuse its discretion by denying the motion when the persons showing an emotional reaction to the evidence had removed themselves from the courtroom and curative instructions had been given. See *Todd v. State*, 274 Ga. 98 (5) (549 SE2d 116) (2001); *Davis v. State*, 272 Ga. 327 (3) (528 SE2d 800) (2000); *Lowe v. State*, 267 Ga. 410 (3) (478 SE2d 762) (1996). That the trial court in the case at bar did not sua sponte take the additional curative action taken by the trial courts in *Messer* and *Byrd v. State*, 262 Ga. 426 (1) (420 SE2d 748) (1992), is not an abuse of discretion. See *Todd*, *Davis*, and *Lowe*, supra.

7. Lastly, appellant contends the trial court's instruction to the jury on recent possession of stolen goods impermissibly shifted the burden of proof to appellant to explain his possession of the victim's engagement ring. The trial court informed the jury that if they found that burglary had been committed, that certain personal property had been stolen, and that the defendant was found in possession of the stolen property shortly thereafter, "that would be a circumstance along with the other evidence from which you may infer guilt as to the charge of burglary as set forth in this indictment if you see fit to do so." The trial court deliberately refrained from telling the jury that it need not draw the inference if there was a "reasonable explanation" of the defendant's possession of the stolen property. The charge is not unconstitutionally burden-shifting since it is stated in terms of a permissive inference rather than in terms of a mandatory presumption. *Wallace v. Higgs*, 262 Ga. 437 (421 SE2d 69) (1992).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 2003.

*Ronnie K. Batchelor, Stuckey & Manheimer, Stephanie S. Benfield, Hollie G. Manheimer*, for appellant.

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.