## A04A1212. SOUTHERN v. THE STATE.
### (604 SE2d 614)

BARNES, Judge.

Dennis Southern was convicted of felony family violence battery, and cruelty to children in the second degree. He now appeals, contending that the trial court erred when it refused to charge the jury on reckless conduct as a lesser included offense of family violence battery. We find no error in the trial court's refusal to so charge, and affirm.

The evidence shows that the victim was Southern's girlfriend and that the couple had two children together. On January 21, 2003, the police were dispatched to the victim's residence following a 911 call. When an officer arrived, he observed Southern walking down the road. The officer testified that a strong odor of alcohol came from Southern, but he appeared uninjured. When the officer transported Southern back to the victim's residence, he talked to the victim about the incident. She was crying and "bleeding pretty bad from her nose." She appeared "frightened" and "unstable," and told the officer that she and Southern had argued and he had hit her in the nose. She also provided the officer with a written statement in which she reasserted that Southern had hit her, and that he had done so as she was buckling their child into his car seat. The police officer told Southern that the victim said that he had hit her, and Southern said that he had, but that he "was just trying to get away from the bitch." At trial, the victim testified that she lied when she told the 911 operator that Southern hit her, and that Southern had not hit her, but had accidentally bumped her nose with his head. Southern did not testify at trial.

In his sole enumeration of error, Southern argues that the trial court erred by refusing to give his requested charge on reckless conduct as a lesser included offense of family violence battery. He argues that reckless conduct was an appropriate charge because the evidence shows that Southern lacked the intent to strike the victim when he raised his head and struck her in the nose with the back of his head.

In Georgia,

> a lesser offense may be included in the greater offense as a matter of fact *or* as a matter of law. A lesser crime is included in a charged crime so that the accused may be convicted of the lesser crime when: (1) it is established by proof of the same or less than all the facts required to establish the commission of the crime charged; *or* (2) it differs from the crime charged only in the respect that a less serious injury or risk of injury or a lesser kind of culpability suffices to

establish its commission. OCGA § 16-1-6.

(Citation and punctuation omitted; emphasis in original.) *Messick v. State*, 209 Ga. App. 459, 460 (1) (433 SE2d 595) (1993). Reckless conduct occurs when a person

> causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.

OCGA § 16-5-60 (b). Under OCGA § 16-5-23.1 (a), "[a] person commits the offense of battery when he or she intentionally causes substantial physical harm or visible bodily harm to another." If a battery "is committed between . . . persons who are parents of the same child, . . . then such offense shall constitute the offense of family violence battery." OCGA § 16-5-23.1 (f).

Pretermitting whether reckless conduct can be a lesser included offense of family violence battery, we find that the evidence in this case would not have authorized such a charge. Southern was indicted because he "intentionally cause[d] visibly bodily harm to another . . . by striking her in the face." There is absolutely no evidence of reckless conduct, which requires behavior that "will cause harm or endanger the safety of the other person" by "consciously disregarding a substantial and unjustifiable risk," and which amounts to "a gross deviation from the standard of care which a reasonable person would exercise in the situation." OCGA § 16-5-60 (b). Even if the jury had accepted that, as the victim testified, Southern had accidentally bumped her nose with his head, accidentally bumping another's nose would not constitute reckless conduct. Moreover, the judge did charge the jury on the affirmative defense of accident, which was an entirely appropriate charge given the evidence.

Because there was no evidence to support the requested charge on reckless conduct, the trial court properly rejected it.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 13, 2004.

*Joshua J. Smith*, for appellant.
*Kermit N. McManus, District Attorney, Andrew B. Margolis, Assistant District Attorney*, for appellee.