## A05A1171. BROWN v. THE STATE.
### (619 SE2d 789)

ELLINGTON, Judge.

A Gwinnett County jury found Daryll Brown guilty beyond a reasonable doubt of two counts of aggravated assault, OCGA § 16-5-21 (a) (2) (with a deadly weapon); three counts of aggravated battery, OCGA § 16-5-24; kidnapping with bodily injury, OCGA § 16-5-40; and possession of a knife during the commission of a felony, OCGA § 16-11-106, all arising from a domestic dispute. Following the denial of his motion for new trial, Brown appeals, contending the evidence was insufficient, the trial court erred in charging the jury, and his counsel provided ineffective assistance. For the following reasons, we affirm.

1. Brown contends the evidence was insufficient to convict him of the crimes charged in the indictment.

On appeal, this Court reviews the evidence presented in the light most favorable to the prosecution, and the defendant no longer enjoys a presumption of innocence. *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Milton v. State*, 272 Ga. App. 908 (614 SE2d 140) (2005).

Viewed in the light most favorable to the prosecution, the record shows the following. On January 29, 2003, Brown, his wife, and his teenaged son were at home watching a movie together when Brown

began insulting his wife. Brown's wife decided to spend the night elsewhere and went to their bedroom to pack. Brown followed his wife into the bedroom, and they began arguing. Brown began punching his wife in the face. Brown's son entered the bedroom and joined the fracas. Brown's wife tried to leave the home. Brown took a decorative sword down from the wall and hit his wife on her head with the sword, cutting her face and scalp. Brown and his wife struggled violently for the sword, falling onto the couch, but Brown retained control of the sword. He stabbed his wife in the arms and torso.

Brown forced his wife and his son into the bathroom. Brown talked to his wife and son about which one he would kill first, said he was going to chop off his wife's head and her fingers, and said he would bury his wife beside her parents. Brown stabbed and cut his wife on the arms and leg. Brown told his son several times to leave so Brown could kill his wife without his son seeing it happen, but his son begged Brown to spare her life. Enraged, Brown impaled his son through the abdomen, with the blade exiting the back, severing the small intestine and colon. After urinating on the two injured victims, Brown eventually drove them to the hospital and left them at the entrance. Brown's wife received sutures for the wounds to her face and carries scars on her head, face, arms, torso and leg. Brown's son required multiple surgeries to repair his small intestine and colon and to check his other organs for injuries.

Brown testified that during an argument he struck his wife on the head with his fist and that she became "belligerent[,] . . . violent and . . . turbulent." He testified that his wife took the sword down from the wall and that, to protect himself and his son, he tried to wrestle it away from her. According to Brown, his son tried to intervene, and the three struggled on the couch for possession of the unsheathed sword. Brown testified that the victims must have gotten "poked" during the struggle for possession of the sword and that all of the stab wounds the victims received, including his son's through-and-through wound to the abdomen, occurred accidentally. Brown denied forcing the victims into the bathroom and disputed their testimony about the events there.

With regard to Brown's wife, the indictment charged him with aggravated assault by cutting her with a sword in Count 1, aggravated battery by cutting her with a sword thus disfiguring her head in Count 3, and kidnapping with bodily injury, a cut, in Count 6. With regard to Brown's son, the indictment charged him with aggravated assault by cutting him with a sword in Count 2, aggravated battery by cutting him with a sword thus rendering useless his small intestine and colon in Count 4, and aggravated battery by cutting him with a sword thus disfiguring his small intestine and colon in Count 5. For sentencing, the trial court merged Counts 2 and 5 into Count 4.

Finally, Count 8 of the indictment charged Brown with possession of a knife during the commission of the crime of aggravated battery against his son.

Brown contends the evidence failed to show that he possessed the intent to stab or cut the victims. Instead, he argues the evidence showed that the victims were injured during a struggle for possession of the sword and that he never had control of the sword. This argument is without merit. The testimony of the victims provided evidence that Brown intentionally hit his wife on the head with the sword, causing a cut, that he intentionally stabbed her in the arms and torso, and that he intentionally stabbed his son in the abdomen, piercing his small intestine and colon. Although Brown's own testimony provided evidence of his version of the events, we do not weigh the evidence nor judge the credibility of witnesses. The resolution of such conflicts in the evidence is entrusted to the jury. *Lysfjord v. State*, 208 Ga. App. 811 (1) (432 SE2d 247) (1993). In this case, the evidence was sufficient for a rational trier of fact to determine that Brown is guilty beyond a reasonable doubt of the crimes charged. *Boxer X v. State*, 237 Ga. App. 526, 527-528 (1) (515 SE2d 668) (1999).

2. Brown contends the trial court erred in denying his motion for a mistrial after one of the victims repeatedly disrupted his closing argument.

> Measures to be taken as a result of demonstrations and outbursts which occur during the course of a trial are matters within the trial court's discretion unless a new trial is necessary to insure a fair trial. Where the trial court fails to act to stop a disturbance, or fails to instruct the jury to disregard it, and the demonstration will prevent the defendant from receiving a fair trial, the court must grant a new trial.

(Citation omitted.) *Oliver v. State*, 276 Ga. 665, 668 (6) (581 SE2d 538) (2003).

The record shows that during Brown's closing argument, when his attorney was speaking of the sword impaling Brown's son, "[a] comment was made from someone in the audience." The judge admonished the audience not to disrupt the attorneys and warned the audience that if there were any further remarks he would ask the sheriff to escort out anyone that could not restrain themselves. The judge instructed the jurors to disregard the remarks from the audience and asked if they felt they could do that. Just after counsel resumed his argument, the court reporter noted, "[a] discussion takes place in the audience." The judge said, "Be gentle, Mr. Sheriff. You need to go on outside[,]" as one of the victims, Brown's son, was

escorted from the courtroom. The judge again instructed the jurors not to let "any display like that have any weight or credit whatsoever in making [their] decisions on each count in this case," and asked if they could follow that instruction. In light of the prompt, adequate, and curative action taken by the trial court, and the minimal nature of the disruption, we cannot say that the victim's outburst denied Brown a fair and impartial trial. Under these circumstances, the trial court did not abuse its discretion in denying Brown's motion for a mistrial. *Oliver v. State*, 276 Ga. at 669 (6); *Lowe v. State*, 267 Ga. 410, 413 (3) (478 SE2d 762) (1996); *Byrd v. State*, 262 Ga. 426, 427 (1) (420 SE2d 748) (1992).

3. Brown contends the trial court erred in charging the jury in several respects. "Among other requirements, a jury instruction must be adjusted to the evidence and embody a correct, applicable, and complete statement of law." (Citation and punctuation omitted.) *Morris v. State*, 263 Ga. App. 115, 117 (2) (587 SE2d 272) (2003).

> Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. There is no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence.

(Citation omitted.) *Garrett v. State*, 271 Ga. App. 646, 650 (2) (610 SE2d 595) (2005).

(a) Brown contends the trial court's jury instructions failed to adequately define aggravated assault as charged in Counts 1 and 2. Specifically, Brown contends the trial court's failure to first define assault, as an attempt to commit a violent injury to another's person or the commission of an act which places another in reasonable apprehension of receiving an immediate violent injury, failed to inform the jury of all the essential elements of the crime.

There is no merit to this contention. A charge on simple assault is not necessary to make a charge on aggravated assault complete. *Weaver v. State*, 256 Ga. App. 573, 574 (2) (568 SE2d 836) (2002). See *State v. Tate*, 262 Ga. App. 311, 312 (1) (b) (585 SE2d 224) (2003) (offense of aggravated assault may be completed without the commission of a simple assault). Moreover, there was no written request to give the charge at issue, and the instructions given to the jury by the trial court were sufficient to explain the elements of aggravated assault. See *Weaver v. State*, 256 Ga. App. at 574 (2).

(b) Brown contends the trial court erred in failing to limit the definition of aggravated battery to the methods of committing the

offenses charged in Counts 3, 4, and 5, thus allowing the jury to convict him of committing the offense by another possible method. OCGA § 16-5-24 (a) provides that aggravated battery may be committed in three ways: when the actor "maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof." Pretermitting whether the trial court would have erred in charging the jury regarding a way of committing the offense for which Brown was not indicted, the record shows that Counts 3, 4, and 5 charged Brown with committing aggravated battery by two out of the three possible methods, i.e., by rendering a member of his victim's body useless and by seriously disfiguring his victims' bodies. The record further shows that the trial court charged the jury regarding only these two ways of committing the offense.[1] Thus, the record does not support Brown's contention that the trial court failed to limit the jury charge to the indicted ways of committing aggravated battery.

(c) Brown contends the trial court erred in refusing to give his requested charge on the lesser included offense of reckless conduct as pertaining to Counts 1, 2, 3, 4, and 5. "The complete rule with regard to giving a defendant's requested charge on a lesser included offense is: where the state's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense*, there is no error in failing to give a charge on the lesser offense." (Citation omitted; emphasis in original.) *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994).

Reckless conduct is defined as

caus[ing] bodily harm to or endanger[ing] the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that [the actor's] act or omission will cause harm or endanger the safety of the other person and

---

[1] The trial court charged as follows:

As to aggravated battery, a person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by rendering a member of his or her body useless or by seriously disfiguring his or her body or a member thereof. . . . To constitute aggravated battery, the member of the alleged victim's body need not be rendered permanently useless and even the temporary reduced use of a bodily member may be sufficient to render it useless. It is not necessary that the alleged victim suffer the total loss of a member to constitute aggravated battery. There is no requirement that the serious disfigurement of the alleged victim be permanent. Temporary serious disfigurement is enough to constitute aggravated battery.

the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.

OCGA § 16-5-60 (b).

The indictment charged Brown with intentionally attempting to cut his wife and son with the sword (aggravated assault) and intentionally cutting them with the sword (aggravated battery). According to Brown's testimony, he did not intentionally cut, or attempt to cut, the victims with the sword; rather, the sword accidentally "poked" the victims while Brown struggled with his wife for control of the weapon to protect himself and his son from his wife's retaliatory aggression. Thus, the evidence established either that Brown intentionally cut or attempted to cut the victims, resulting in criminal culpability for the victims' injuries, or that the victims were accidentally injured while Brown was lawfully trying to disarm his wife, resulting in no criminal culpability. "Where the evidence shows either the commission of the completed offense as charged, or the commission of no offense, the trial court is not required to charge the jury on a lesser included offense." (Citations and punctuation omitted.) *Martin v. State*, 268 Ga. 682, 685 (7) (492 SE2d 225) (1997). Because there was no evidence raising the lesser offense of reckless conduct, the trial court did not err in refusing to give the requested charge. Id. (where fatal discharge of handgun was either intentional or accidental, defendant was not entitled to charge on reckless conduct); *Southern v. State*, 269 Ga. App. 556, 557 (604 SE2d 614) (2004) (where blow to victim's nose was either intentional or accidental, defendant was not entitled to charge on reckless conduct); *Chambers v. State*, 205 Ga. App. 16, 19-20 (421 SE2d 88) (1992) (where fatal discharge of handgun was either intentional or accidental, defendant was not entitled to charge on reckless conduct).

(d) Brown contends the trial court erred in refusing to give his requested charge on the lesser included offense of false imprisonment as pertaining to Count 6. A trial court should give a requested charge on false imprisonment as a lesser included charge to kidnapping when the evidence supports a theory that the victim was falsely imprisoned without having been asported in the manner alleged by the State. *Stovall v. State*, 216 Ga. App. 138, 141 (5) (453 SE2d 110) (1995). In this case, there was no evidence that Brown confined his wife in the bathroom without having first forced her against her will to move to the bathroom. Either Brown forced his wife to move from the living room and then confined her in the bathroom, as shown by the State's evidence, or he did not force her to move from the living room to the bathroom, as he testified. Because the evidence showed either the commission of the completed offense of kidnapping with

bodily injury as charged, or the commission of no offense, the trial court did not err in refusing to charge the jury on false imprisonment. *Peebles v. State*, 260 Ga. 430, 433 (4) (396 SE2d 229) (1990); *Stovall v. State*, 216 Ga. App. at 141 (5).

4. Brown contends his trial counsel rendered ineffective assistance in several respects.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [As the appellate court, w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citations and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003).

(a) Brown contends his trial counsel's performance was deficient in failing to object, renew his objection, or move for a mistrial when one of his victims testified that Brown stabbed him on purpose and not by accident. Brown contends the victim's testimony was inadmissible opinion evidence under OCGA § 24-9-65[2] and invaded the province of the jury. We disagree. The prosecutor did not ask the victim for his opinion on the ultimate issue of whether Brown committed the indicted acts with the criminal intent required to authorize the jury to convict. Rather, the State's question sought to elicit testimony regarding whether it appeared to this eyewitness that the movement of Brown's arm which propelled the point of the sword he held through the victim's body was within Brown's control. We find no authority supporting the position that whether observed physical behavior was within the actor's control, or whether it was involuntary, is the sort of opinion testimony which is inadmissible under OCGA § 24-9-65. Further, even assuming the testimony was inadmissible, the trial court was authorized to find that Brown failed

---

[2] "Where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor. If the issue shall be as to the existence of a fact, the opinions of witnesses shall be generally inadmissible."

to show prejudice from counsel's failure to object to this summary question and answer which took the place of a long series of questions and answers which would have only further highlighted the viciousness of Brown's attack. Under these circumstances, the trial court was authorized to find that Brown's counsel did not render ineffective assistance by failing to object. *Bravo v. State*, 269 Ga. App. 242, 245 (1) (c) (603 SE2d 669) (2004).

(b) Brown contends his trial counsel's performance was deficient in failing to request a "proper" jury charge on the offenses of aggravated assault and aggravated battery. See Division 3, supra. Brown has offered no basis, however, for concluding that trial counsel was ineffective for failing to fashion and request the type of specific instructions that present appellate counsel believe would have been more effective. Because the trial court gave a correct and adequate jury instruction on these issues, see Division 3, supra, Brown can show no prejudice from this alleged deficiency. *Mika v. State*, 256 Ga. App. 546, 551 (7) (568 SE2d 818) (2002).

(c) Brown contends his trial counsel's performance was deficient in failing to request a jury charge on aggravated assault as a lesser included offense of kidnapping with bodily injury. In his brief, Brown failed to specify how such a charge was supported by the evidence. This argument is, therefore, abandoned. See Court of Appeals Rule 25 (c) (2) (an enumeration of error which is not supported by argument may be deemed abandoned).

5. Brown contends the trial court erred in failing to merge three counts. First, Brown contends the trial court erred in failing to merge Count 1, aggravated assault against his wife by cutting her with a sword, into Count 6, kidnapping with bodily injury against his wife, the injury being "a cut." Brown also contends the trial court erred in failing to merge Count 1 into Count 3, aggravated battery against his wife by cutting her with a sword. Finally, Brown contends the trial court erred in failing to merge Count 3 into Count 6.

Brown's argument presumes that Counts 1, 3, and 6 all refer to the same "cut." The State offered evidence, however, of separate and distinct "cuts" for each charge. Specifically, the evidence authorized the jury to find that Brown completed the offense of aggravated battery when he hit his wife on the head with the sword, causing a laceration which required stitches, before he began the offense of aggravated assault, when he stabbed his wife in the arms and torso during their struggle on the couch. Further, the evidence authorized the jury to find that Brown completed the offense of aggravated assault before he began the offense of kidnapping with bodily injury by forcing her to the bathroom where he stabbed her on the arms and leg. Under these circumstances, the trial court was not required to

merge the offenses for sentencing. *Wright v. State*, 243 Ga. App. 167, 169 (532 SE2d 724) (2000); *Deal v. State*, 233 Ga. App. 79, 84 (15) (503 SE2d 288) (1998).

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED AUGUST 12, 2005 — 

*Glynn R. Stepp*, for appellant.

*Daniel J. Porter, District Attorney, Brooke O. Langston, Assistant District Attorney*, for appellee.