A05A1408. WALKER v. THE STATE.
(622 SE2d 64)

ADAMS, Judge.

Kelvin Jerome Walker, pro se, appeals from the denial of his motion to correct an illegal sentence. We affirm.

Walker was convicted of kidnapping, two counts of aggravated assault and possession of a firearm by a convicted felon. He was sentenced to twenty years on the kidnapping charge (Count 1), twenty years on Count 2 — the aggravated assault with a knife charge, twenty years to run concurrently with Count 2 on Count 3 — the aggravated assault with a gun charge, and five years to run consecutively on the possession of a firearm charge. His conviction was affirmed by the Court in *Walker v. State*, 199 Ga. App. 638 (405 SE2d 736) (1991).

Walker filed his motion to correct illegal sentence on December 1, 2004, contending that the aggravated assault charges and kidnapping charge merged as a matter of fact and law. OCGA §§ 16-1-6; 16-1-7. The trial court denied Walker's motion, and this appeal followed.

"The crimes of aggravated assault and kidnapping do not necessarily merge as a matter of law, although they may do so as a matter of fact when they are based on the same conduct." (Citation and punctuation omitted.) *Owens v. State*, 271 Ga. App. 365, 367 (2) (609 SE2d 670) (2005). Although our appellate courts have found that kidnapping with bodily injury and aggravated assault merge as a

matter of law,[1] and although the indictment in this case was arguably sufficient to charge Walker with that crime in that it alleged that the victim received bruises and knife wounds during the kidnapping, Walker was tried, convicted and sentenced for the crime of kidnapping, not kidnapping with bodily injury.[2]

Moreover, we reject Walker's argument that the crimes here merged as a matter of fact. First, there is no merit to Walker's argument that merger is required because the crimes involved the same victim. *Owens*, 271 Ga. App. at 367 (2); *McGuire v. State*, 266 Ga. App. 673, 678 (3) (598 SE2d 55) (2004). The evidence here showed that Walker fired shots into the vehicle where the victim was riding after she refused to get out and that he then grabbed her and pulled her from the vehicle. After he pulled the victim out of the vehicle, he began kicking her with his feet and beating her in the head with the butt of his gun until she was on the ground. Walker then made the victim get into the van he was driving, and drove to the funeral home, which his father operated and where he and his family lived. He parked the van and slapped the victim again. He also attacked her with a sharp object, cutting her numerous times. Walker subsequently took the victim inside, took her clothes and left. After he left, she went to his parents' bedroom and Walker's father called police. The evidence showed that the victim suffered fractures to areas of her face as well as numerous lacerations and bruises over her head, face and body.

We agree that under these facts, the trial court did not err by failing to merge the aggravated assault offenses with the kidnapping offense. The evidence showed that Walker assaulted the victim first with a gun, by shooting into the vehicle in which she was sitting, and then forced her from that vehicle and beat her with his fists, hands, feet and a gun, causing numerous bruises and other injuries to her head and face. Walker then made the victim get in his van and drove her to another location.[3] While at this other location, Walker hit her

---

[1] *Brown v. State*, 247 Ga. 298, 302-303 (9) (275 SE2d 52) (1981), overruled on other grounds, *Wilson v. Zant*, 249 Ga. 373, 380 (2) (290 SE2d 442) (1982); *George v. State*, 192 Ga. App. 840, 842 (3) (386 SE2d 669) (1989).

[2] Pursuant to OCGA § 16-5-40 (a), "A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." OCGA § 16-5-40 (b) provides in relevant part, that "A person convicted of the offense of kidnapping shall be punished by imprisonment for not less than ten nor more than 20 years, . . . provided, . . . that, if the person kidnapped shall have received bodily injury, the person convicted shall be punished by life imprisonment." Our courts have treated kidnapping and kidnapping with bodily injury as separate and distinct offenses. *Guillen v. State*, 258 Ga. App. 465, 471-472 (6) (574 SE2d 598) (2002).

[3] "Kidnapping is not a continuing offense, and the crime is consummated when the victim is seized." (Citation and punctuation omitted.) *Phanamixay v. State*, 260 Ga. App. 177, 181 (3) (581 SE2d 286) (2003).

again and assaulted her with a sharp object, causing numerous lacerations to her upper and lower body. Thus, the crimes here were established by separate and distinct facts, and the evidence to establish the aggravated assault charges was not "used up" to establish the kidnapping charge.[4] The trial court did not err in denying Walker's motion to correct an illegal sentence based on his assertion that the aggravated assault and kidnapping charges merged in this case as a matter of fact and law. *Curtis v. State*, 275 Ga. 576, 579 (3) (571 SE2d 376) (2002) (no merger of kidnapping and aggravated assault when knife did not appear until after the asportation of the victim); *Brown v. State*, 275 Ga. App. 99 (619 SE2d 789) (2005) (finding no factual merger of aggravated assault and kidnapping with bodily injury); *Owens*, 271 Ga. App. at 367 (2); *McGuire*, 266 Ga. App. at 678 (3); see also *Silvers v. State*, 278 Ga. 45, 48 (4) (597 SE2d 373) (2004) (armed robbery and aggravated assault did not merge as matter of fact when aggravated assault was based on the actual firing of the gun while the armed robbery was based on the "use of the gun" but not the actual firing of the gun); see also *Taylor v. State*, 275 Ga. 461, 462 (1) (569 SE2d 520) (2002) (same); but see *Guillen*, 258 Ga. App. at 471-472 (6) (aggravated battery merged with kidnapping with bodily injury when the evidence required to convict of the aggravated battery by stabbing was the only evidence showing the bodily injury described in the kidnapping charge); *Lowery v. State*, 209 Ga. App. 5, 7-8 (4) (432 SE2d 576) (1993) (aggravated assault and armed robbery merged because evidence of same shooting used to prove both offenses).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 14, 2005 —

Kelvin J. Walker, *pro se.*

Peter J. Skandalakis, *District Attorney*, Anne C. Allen, *Assistant District Attorney*, for appellee.

---

[4] We note again that Walker was charged with kidnapping, not kidnapping with bodily injury. But even assuming the indictment as drawn required the State to show a bodily injury, either by bruising or knife wounds, the evidence presented showed that the victim was severely beaten and bruised after she was taken out of the vehicle in which she was sitting and forced into Walker's van. This evidence was sufficient to satisfy the description in the indictment that she received bodily injury by bruising. However, we would reiterate that had Walker in fact been convicted of kidnapping with bodily injury, the trial court would have been required to impose a sentence of life imprisonment pursuant to OCGA § 16-5-40 (b).