## A07A0744. McCASKELL v. THE STATE.
(646 SE2d 761)

JOHNSON, Presiding Judge.

Frederick McCaskell was charged by indictment with battery, aggravated assault with a rope, aggravated assault with a knife, kidnapping with bodily injury[1] and theft of a motor vehicle. McCaskell entered a plea of not guilty to the charges and proceeded to a trial before a jury.

At trial, the state's evidence showed that in 2004, McCaskell and his girlfriend, Carolyn Maloney, were living with his sister, Yvettra Parker, in her home. Late one night, McCaskell and Parker got into an argument that escalated into a physical attack. McCaskell threw Parker face-down onto a bed, tied rope around her hands and legs, choked her with a rope, and then tied the rope that was around her neck to the rope around her feet.

McCaskell placed a sock in Parker's mouth and put duct tape over it. He removed the rope from her neck, but kept her hands and feet tied, and, with Maloney's help, put Parker into the back of her sport utility vehicle. McCaskell and Maloney drove the SUV to Alabama, where they made Parker hop through woods and forced her into the storm cellar of an abandoned home. Parker eventually escaped from the cellar and reported the incident to police.

McCaskell and Maloney, who had fled in the SUV, were later stopped at a police roadblock in Mississippi. McCaskell, who was driving, led police on a high speed chase that ended in a wreck. Maloney was apprehended by authorities, but McCaskell escaped on foot. He was eventually arrested in Texas.

The jury found McCaskell not guilty of battery and aggravated assault with a knife, but found him guilty of aggravated assault with a rope, kidnapping with bodily injury and theft. The trial judge sentenced McCaskell to serve life in confinement for the kidnapping offense. Concurrent with the life sentence, the court also imposed a twenty-year sentence for the aggravated assault and a ten-year sentence for the theft.

McCaskell appeals, arguing that the trial court should have merged the aggravated assault with a rope and kidnapping with bodily injury offenses for sentencing and that the trial court erred in providing the jury with a written copy of the charge on kidnapping. The arguments are without merit, and we thus affirm McCaskell's convictions.

---

[1] The bodily injuries alleged are bruises to the victim's wrists and legs and abrasions to her neck and arms.

1. McCaskell contends that his 20-year sentence for aggravated assault with a rope must be set aside because the evidence used to prove that crime was also used to support the kidnapping with bodily injury conviction. We disagree.

> The key question in determining whether a merger has occurred is whether the different offenses are proven with the same facts. For example, if one crime is complete before the other takes place, the two crimes do not merge. However, if the same facts are used to prove the different offenses, the different crimes merge.[2]

In the instant case, the facts used to prove the aggravated assault with a rope are not the same facts used to prove the kidnapping with bodily injury offense.

The facts proving the aggravated assault with a rope are that McCaskell tied a rope around his sister's neck, choked her, and then "hog-tied" her as she lay face-down on the bed by tying her arms behind her back and by tying the rope from her neck to the rope that bound her ankles. The facts proving kidnapping with bodily injury are that, after the aggravated assault, McCaskell removed the rope from his sister's neck, put her into the back of a vehicle with her arms and legs still bound, drove her to Alabama, forced her to hop through woods and left her tied up in an abandoned cellar. According to the victim's testimony, cuts to her legs and arms came from the woods and the cellar door, while her wrists and ankles had rope burns from her struggling to get loose from the ropes.

Because the aggravated assault was completed prior to the kidnapping and the crimes were established by separate and distinct facts, the trial court did not err in failing to merge the offenses for sentencing.[3]

2. McCaskell enumerates that the trial court, in response to a request by the jury during deliberations, erroneously gave the jury a written copy of the charge on the definition of kidnapping. However, it has been held that giving the jury written definitions of crimes charged is within the trial court's discretion and does not amount to reversible error.[4] "When the jury requests a recharge on a portion of the charge, it is within the trial court's discretion whether to do so

---

[2] (Citation and punctuation omitted.) *Nelson v. State*, 278 Ga. App. 548, 551 (4) (629 SE2d 410) (2006).

[3] See *Walker v. State*, 275 Ga. App. 862, 864 (622 SE2d 64) (2005); *Brown v. State*, 275 Ga. App. 99, 106-107 (5) (619 SE2d 789) (2005).

[4] *Lee v. State*, 241 Ga. App. 182, 185 (3) (525 SE2d 426) (1999).

orally or in writing."[5] Under the circumstances, McCaskell has failed to show an abuse of discretion by the trial court.[6]

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED MAY 29, 2007.

*Patricia F. Angeli*, for appellant.

*Jewel C. Scott, District Attorney, Anece Baxter White, Assistant District Attorney*, for appellee.

---

[5] (Citations omitted.) *Caldwell v. State*, 245 Ga. App. 630, 633 (3) (538 SE2d 531) (2000).

[6] See *Miner v. State*, 268 Ga. 67 (2) (485 SE2d 456) (1997) (no abuse of discretion for trial court to recharge in written form); *Patterson v. State*, 264 Ga. 593, 594 (2) (449 SE2d 97) (1994) (written recharge on definition of murder not error).