A96A1660. SCOTT v. THE STATE.
(477 SE2d 901)

McMURRAY, Presiding Judge.

Defendant was charged in an indictment with aggravated sodomy, for acts allegedly committed against the victim, "C. H." The evidence adduced at defendant's jury trial revealed that on July 29, 1993, both he and C. H. were inmates at the Clarke County jail. C. H.

had been placed in administrative segregation "for his own safety." C. H. was described as "a little bit slow." He takes the medications "Cogentin [daily] and a Haldol shot once a month[, . . . for] bad nerves and stuff like that. . . ." When C. H. accidentally broke a radio he had borrowed, defendant told him "[he] was going to have to pay him for it." Defendant "wanted . . . money from [C. H.] or either have sex with [C. H.]." C. H. "tried to explain to [defendant] what happened, but that they didn't want to listen at it, so — And [C. H.] told [defendant] I didn't have no money [sic]. And so they decided that they wanted to rape me." "That's when they pushed me over on the bed, you know, first [another inmate] slapped me two times, and they pushed me over on the bed, . . . took off my shoes while somebody was holding the blanket up to the door, . . . that's when [defendant] tried to go up in me, just go up in me. And then it went between my legs, . . . because . . . [defendant] knowed that he couldn't go up in me, that he went between my legs. And they hold me down for about five, about five or ten minutes." Defendant "put the Vaseline on [C. H.]. Put it all the way on, all the way in [C. H.'s] butt. [Defendant] made [C. H.] spread [his] legs, and put it all on [his] butt." "That's when he tried to go up in me. Went up in me." "He tried to go up in me with penis[, . . . by] making me lay down with the grease and stuff like that." C. H. affirmed that defendant "got it up with his penis onto [the victim's] rectum."

In a custodial statement read to the jury, defendant denied any forcible sexual contact, contending that the victim volunteered. Defendant also stated, "I was just going to slick leg the boy." "I took the grease, greased myself up, and slick legged him. Ain't no dick go in the boy."

The jury found defendant guilty as charged. His motion for new trial was denied, and this appeal followed. *Held*:

1. Defendant's second enumeration of error urges the general grounds. He argues the absence of medical or physical evidence, coupled with the victim's "equivocal [testimony, . . . casts] doubt as to the sufficiency of the evidence. . . ."

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant (defendant here) no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204); *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381). 'Conflicts in the testimony of the witnesses, including the (S)tate's witnesses, is a matter of credibility for the jury to resolve. (Cits.) As long as there is some (competent) evidence, even though contradicted, to support

each fact necessary to make out the (S)tate's case, the jury's verdict will be upheld. (Cit.)' *Searcy v. State,* 236 Ga. 789, 790 (225 SE2d 311)." *Grier v. State,* 218 Ga. App. 637, 638 (1) (463 SE2d 130).

"A person commits the offense of aggravated sodomy when he or she commits sodomy with force and against the will of the other person." OCGA § 16-6-2 (a). Proof of penetration is not required under this Code section. "In our view all that is required is *some contact.*" (Emphasis in original.) *Carter v. State,* 122 Ga. App. 21, 23 (4) (176 SE2d 238). Proof of penetration is nevertheless required in this case because of the specific averments in the indictment. "The victim's testimony [in the case sub judice, indicating partial penetration,] was ample proof that the act of anal sodomy was committed with force and against [his] will. *Robertson v. State,* 184 Ga. App. 796 (1) (363 SE2d 43) (1987). Having reviewed the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could reasonably have found from the evidence adduced below proof of [defendant's] guilt of aggravated sodomy [as alleged in the indictment] beyond a reasonable doubt according to the standard set forth in *Jackson v. Virginia,* 443 U. S. 307[, supra]. See *Clark v. State,* 186 Ga. App. 882 (369 SE2d 282) (1988)." *Brinson v. State,* 208 Ga. App. 556, 558 (4) (430 SE2d 875). Accord *Foster v. State,* 216 Ga. App. 26, 27 (2), 28 (453 SE2d 482). The enumeration of the general grounds is without merit.

2. Defendant enumerates the denial of his motion for new trial on the special ground of ineffective assistance of counsel. He contends trial counsel failed to investigate the case adequately; failed to impeach the victim with proof of prior felony convictions including a guilty but mentally ill plea to aggravated assault; and failed to request instructions on the lesser-included offenses of sodomy, attempted sodomy, and sexual battery. The trial court determined that "the acts and omissions of Defendant's trial counsel were outside the range of professionally competent assistance[, but nevertheless concluded that] the evidence does not support a finding that there is a reasonable probability that, but for counsel's errors, the result would have been different." We agree that defendant failed to establish that he was denied effective assistance of counsel.

"When inadequate representation is alleged, the critical factual inquiry ordinarily relates to whether the defendant had a defense that was not presented; whether trial counsel consulted sufficiently with the accused, and adequately investigated the facts and the law; and whether the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy. Generally, the burden is on the defendant claiming ineffectiveness of counsel to establish (1) his attorney's representation in specified instances fell below an objective standard of reason-

ableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous." (Citations, punctuation and emphasis omitted.) *Johnson v. State*, 214 Ga. App. 77 (1) (447 SE2d 74).

"As to each of these claims [in the case sub judice], '(w)e have reviewed the transcript of that hearing (at which trial counsel [was medically unavailable to testify]) (as well as the trial transcript) and find sufficient evidence to support the trial court's conclusion that [defendant] failed to show ineffectiveness under the standards of *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). (Cit.)' *Scott v. State*, 263 Ga. 300 (2) (432 SE2d 107) (1993)." *Robinson v. State*, 210 Ga. App. 278, 279 (3) (435 SE2d 718).

(a) At the hearing on defendant's motion, Dr. Scott Snyder, a psychiatrist, testified that "Haldol is what is known as an anti-psychotic. It's designed to counteract symptoms of psychosis, such as hallucinations where people hear voices talking to them, or they see things that aren't really there, or they have delusions which are false beliefs." "Cogentin is a pure acetyl[l]choline blocker[, . . .] used to counteract some other side effects associated with antipsychotics, such as stiffness as or rigidity, what are known as extraparametal side effects. The Cogentin is oftentimes given with Haldol to counteract those side effects." But Dr. Snyder also confirmed that Haldol would not "make a person less inclined to be truthful with it[, . . . nor would it] make a person more inclined to falsify, exaggerate, prevaricate or anything ordinarily associated with untruthfulness. . . . And the same thing would be true with Cogentin."

"The extent of pretrial investigation of the case [sub judice] and counsel's consultation with the accused was subject to conflicting evidence, such that the trial court's determination as to these alleged omissions is not clearly erroneous. *Smith v. State*, 256 Ga. 483 (351 SE2d 641)." *Robinson v. State*, 210 Ga. App. 278, 279 (3), supra. Specifically, the evidence supports the trial court's determination that trial counsel's failure to cross-examine the victim regarding these prescriptions did not undermine confidence in the original proceeding and was not reasonably likely to lead to a different result. See, e.g., *Lewis v. State*, 265 Ga. 451, 452 (3) (457 SE2d 173).

(b) We assume, without deciding, that counsel's failure to impeach the victim under OCGA § 24-9-84 with proof of general bad character as evinced by prior felony convictions fell below that level of competence members of the bar in good standing are presumed to render. But we agree with the trial court that this omission does not require reversal and a new trial.

" 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.' [Cit.]" *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623). In the case sub judice, defendant's own custodial statements established his willingness to engage in anal sodomy, such that there is no reasonable probability that the result of the proceeding would have been different even with this proof of the victim's general bad character. "Overwhelming evidence of [defendant's] guilt, including the testimony of the victim as well as the contradictory and inconsistent statements of [the eyewitness inmates, coupled with the custodial statement of] defendant [admitting sexual contact] renders [counsel's omission] harmless." *Vincent v. State*, 264 Ga. 234, 235 (442 SE2d 748).

(c) Defendant conceded that counsel's trial strategy was an all-or-nothing defense, that is, complete denial of the charge. " 'In the absence of testimony to the contrary, counsel's actions are presumed strategic. [Cits.]' *Earnest v. State*, 262 Ga. 494, 496 (5) (422 SE2d 188). 'The decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with (the) client.' (Citations and punctuation omitted.) *Johnson v. State*, 214 Ga. App. 77 (1), 79, supra." *Hudson v. State*, 218 Ga. App. 671 (1), 672 (462 SE2d 775). In the case sub judice, the absence of expert testimony regarding trial counsel's decision not to request instructions on lesser-included offenses to aggravated sodomy, such as sodomy, attempted sodomy, and sexual battery, means that the decision is presumed to be strategic and not unprofessional. Consequently, defendant has failed to establish even the first prong of the applicable inquiry. Compare *Pearson v. State*, 216 Ga. App. 333 (454 SE2d 205); *Wilson v. State*, 199 Ga. App. 900 (406 SE2d 293).

*Judgment affirmed. Johnson, J., and Judge Marvin W. Sorrells concur. Ruffin, J., not participating.*

DECIDED NOVEMBER 6, 1996 — 

*Jeffrey G. Gilley*, for appellant.
*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney*, for appellee.