## A03A0096. McFALLS v. THE STATE.
(580 SE2d 328)

MIKELL, Judge.

Lawrence McFalls, Jr., was convicted of public drunkenness and two counts of simple battery. He was acquitted of aggravated assault. Subsequently, the trial court permitted McFalls to terminate his counsel's representation. In this pro se appeal, McFalls argues that the trial court erred in imposing consecutive sentences for the bat-

tery offenses and that his trial counsel was ineffective for failing to cite authority to the court when arguing that the offenses should be merged. We affirm.

1. McFalls argues that the trial court erred in imposing consecutive sentences for each battery "not as to be merged, but as separate statues [sic] that occurred in only one 'offense,' or same episode." He cites *Blockburger v. United States*[1] for the proposition that "consecutive punishment should not be imposed for violations of separate statues [sic] when only one 'offense' has been committed." But that case does not stand for this proposition. Rather, *Blockburger* holds that a defendant may be prosecuted for successive individual acts arising out of the same transaction. That is the law in Georgia,[2] and that is what transpired in the instant case.

Count 2 of the indictment charged McFalls with simple battery by hitting the victim, and Count 3 charged McFalls with simple battery by pulling her hair. The evidence adduced at trial reveals that a police officer responded to a 911 call made by the victim, McFalls's girlfriend. According to the officer, the victim stated at the scene that McFalls hit her on the head, "pushed her around a little bit, grabbed her by the hair, jerked her to the ground, and stuck the knife up to her throat. . . ." This evidence supported separate battery convictions, and the trial court did not err in refusing to merge the offenses for sentencing purposes.[3]

McFalls additionally argues that the trial court should have exercised its discretion to run his sentences concurrently. However, "trial courts have been granted broad discretion to run sentences concurrently or consecutively."[4] In the instant case, the trial court properly considered McFalls's prior guilty plea to aggravated assault and simple battery in aggravation of sentencing. The trial court did not abuse its discretion in imposing consecutive sentences.

2. McFalls's ineffective assistance of counsel claim is meritless.

> To prove he has received ineffective assistance of counsel, the defendant must show both that counsel's performance was deficient and that this deficiency prejudiced the defense. . . . The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.[5]

---

[1] 284 U. S. 299 (52 SC 180, 76 LE 306) (1932).

[2] See, e.g., *Clay v. State*, 209 Ga. App. 266, 269 (3) (433 SE2d 377) (1993) (different, although sequential, acts performed upon victim supported aggravated assault and armed robbery convictions).

[3] Id.

[4] (Footnote omitted.) *Busch v. State*, 271 Ga. 591, 595 (523 SE2d 21) (1999).

[5] (Citation omitted.) *George v. State*, 257 Ga. App. 645, 646 (2) (572 SE2d 644) (2002).

McFalls contends that his counsel was ineffective for failing to rely upon *Blockburger v. United States*[6] when urging the trial court to impose concurrent sentences. Given that *Blockburger* does not support McFalls's position, however, counsel's performance cannot be deemed deficient on this ground.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED MARCH 26, 2003.

Lawrence McFalls, Jr., *pro se.*

T. *Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney,* for appellee.