## A05A2198. MIMS v. THE STATE.
(628 SE2d 596)

ADAMS, Judge.

Reginald Mims was convicted by a jury of violating the Georgia Controlled Substances Act (possession of cocaine), having an open container of alcohol and driving with a suspended license. He appeals following the denial of his motion for new trial.

---

1. Mims first contends that the trial court erred by denying his motion for mistrial after the State improperly introduced evidence of bad character. "We review a trial court's denial of a motion for mistrial based on the injection of improper character evidence for manifest abuse of the court's discretion." *Torres v. State*, 258 Ga. App. 393, 395 (574 SE2d 438) (2002).

The transcript shows the following concerning this issue: the arresting officer, Officer Dahnke, testified that Mims at first lied about his identity and told him his name was Darren,[1] not Reginald, Mims. Dahnke testified that he believed Mims was being deceptive, so he asked him again and Mims gave him his true name. The prosecutor then asked Dahnke if Mims told him why he gave him another person's name, and Dahnke stated that Mims told him that he had a warrant outstanding for his arrest. The prosecuting attorney did not pursue this line of questioning, but instead questioned the officer about running another license check once he found out Mims' real name. Defense counsel then moved for a mistrial on the basis that the testimony concerning the warrant intentionally put Mims' character into issue. The State responded that the intent in asking the question was to show Mims' motive for giving the officer a false name, not to put his character in evidence. The trial court denied the motion, but instructed the prosecutor not to do anything that might place Mims' character in issue. Defense counsel "objected" to the trial court's ruling, but did not ask for curative instructions.

Given these circumstances, we find the trial court did not manifestly abuse its discretion by denying the motion for mistrial. *Fulton v. State*, 278 Ga. 58, 61 (6) (597 SE2d 396) (2004); *Taylor v. State*, 272 Ga. 559, 561 (2) (c) (532 SE2d 395) (2000); *Johnson v. State*, 256 Ga. 604, 605 (2) (351 SE2d 623) (1987); *Ogles v. State*, 238 Ga. 716 (235 SE2d 384) (1977); *Hubbard v. State*, 259 Ga. App. 275, 278 (4) (576 SE2d 663) (2003); *Grant v. State*, 161 Ga. App. 403, 403-404 (2) (288 SE2d 118) (1982).

2. Mims also contends the evidence was insufficient to support his conviction for driving with a suspended license.

"To establish the offense of driving with a suspended license, the state must show that the accused was driving, that his license was suspended, and that he received actual or legal notice of the suspension." *Allman v. State*, 258 Ga. App. 792, 794 (2) (575 SE2d 710) (2002). *Buckley v. State*, 246 Ga. App. 342, 343 (540 SE2d 292) (2000). Mims does not challenge the sufficiency of the evidence on the first two elements, but argues there was no evidence that he had actual or legal notice of the suspension. The State argues that although there

---

[1] There was testimony that Mims' brother is named Darren.

was no direct evidence that Mims had knowledge of the license suspension, the jury was authorized to find that Mims had the requisite knowledge based on the circumstantial evidence that he lied to the officer about his identity and because he failed to offer a reasonable explanation concerning why he did not have his license.

"In a case entirely dependent on circumstantial evidence, . . . the State's evidence must both be consistent with the hypothesis of guilt and must exclude every other reasonable hypothesis. Even when the circumstantial evidence creates a strong suspicion of guilt, mere suspicion is insufficient to support a conviction." (Citation and punctuation omitted.) *Locklear v. State*, 249 Ga. App. 104, 105 (547 SE2d 764) (2001). And the burden is on the State, not the accused, to exclude all other reasonable hypotheses in order for the State to meet its burden of establishing the elements of the crime charged through circumstantial evidence. Id.

Turning to the specific circumstantial evidence relied on by the State in this case, as stated in Division 1, the transcript shows that Officer Dahnke testified at trial that Mims told him he lied about his name because he had a warrant outstanding for his arrest, not because he had a suspended license. Moreover, Mims testified that he told Dahnke that the reason that he did not have his license was because he was in the process of moving, thus offering a more complete explanation than the portion of his testimony cited in the State's brief. Mims also explicitly denied that he had knowledge that his license was suspended at the time of the stop, and testified he did not know his license was suspended until the day of the trial.[2]

Moreover, the State's argument that we should not disturb the jury's verdict since the circumstantial evidence authorized the inference that Mims had actual notice that his license was suspended is unavailing here since the jury was never instructed that the State was required to prove that Mims received actual or legal notice that his license was suspended to convict him of the crime charged. Rather, our review of the jury instructions shows the trial court charged the jury only concerning the first two elements, but that no instruction was given concerning the additional element of notice of the suspension.[3] "Whether every reasonable hypothesis except that of guilt of the defendant has been excluded is a question for the jury

---

[2] A witness for the State testified concerning records showing that Mims' license was suspended at the time of the stop and remained suspended at the time of trial. However, this witness did not offer any testimony concerning Mims' knowledge of the suspension.

[3] The trial court did charge the jury that the defendant must have knowledge that a crime is being committed. However, we do not believe this general charge was sufficient to inform the jury that the evidence had to show that Mims received actual or legal notice that his license was suspended.

where the jury is properly instructed." *Shephard v. State*, 191 Ga. App. 802, 803 (383 SE2d 182) (1989). In this case, the jury was not properly instructed on the elements of the offense of driving with a suspended license. Based on the foregoing, we find that the State failed to show that Mims had actual or legal notice that his license was suspended at the time he was stopped. Mims' conviction for driving with a suspended license must therefore be reversed. *Keller v. State*, 247 Ga. App. 599, 601 (2) (544 SE2d 511) (2001); *Buckley*, 246 Ga. App. at 343.

3. Mims also contends his trial counsel was ineffective, citing three alleged failures.

> To prevail on a claim of ineffective assistance of counsel, an appellant must show deficient performance on the part of counsel and prejudice to his defense resulting from that deficient performance. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984). A successful ineffective assistance claim must satisfy both prongs of the *Strickland* test. *Wilkes v. State*, 269 Ga. App. 532, 536 (4) (604 SE2d 601) (2004). "The trial court's determination with respect to effective assistance of counsel will be affirmed unless the trial court's findings are clearly erroneous." (Citation omitted.) *Chapman v. State*, 273 Ga. 348, 350 (2) (541 SE2d 634) (2001).

*Adams v. State*, 276 Ga. App. 319, 323 (6) (623 SE2d 525) (2005). Mims first contends that his trial counsel was ineffective because he failed to timely file and pursue a motion to suppress the evidence obtained during the stop and search of the vehicle Mims was driving. Because the failure to file a motion to suppress does not constitute per se ineffective assistance of counsel, an appellant must make a "strong showing" that the evidence would have been suppressed had a motion been filed. *Millsap v. State*, 275 Ga. App. 732, 736 (3) (c) (621 SE2d 837) (2005).

Trial counsel testified at the motion for new trial hearing that he filed a motion to suppress at Mims' insistence, but that he did not believe there were adequate legal grounds to pursue the motion and did not request a hearing or a ruling from the trial court. Trial counsel further testified that his opinion was based on Officer Dahnke having consistently testified under oath on two occasions concerning why he made the stop and subsequent search. On appeal, Mims argues that his own testimony at the motion for new trial hearing pointing out certain inconsistencies in Officer Dahnke's testimony concerning where the open container and cocaine were located shows that the motion should have been pursued. Having examined this testimony,

we find that Mims has failed to meet his burden of making a "strong showing" that a motion to suppress would have been granted under the facts here, and the trial court did not err in denying his motion for new trial on this basis.

4. Mims also contends his trial counsel was ineffective because he did not adequately cross-examine Officer Dahnke. Mims' trial counsel testified he did not cross-examine Officer Dahnke concerning the discrepancy between his testimony concerning the weight of the seized cocaine and the testimony of the crime lab technician concerning the weight of the cocaine because, in his experience, the officer's testimony on the weight of the seized drugs is almost always different than the crime lab reports. Rather, his tactic is to look at the crime lab report. It is well settled law that "such matters as the examination of witnesses are grounded in matters of trial tactics and strategy and do not provide a basis for finding counsel lacking. Such tactical decisions do not equate with ineffective assistance of counsel." *Turner v. State*, 245 Ga. App. 294, 296 (4) (c) (536 SE2d 814) (2000).

5. Lastly, Mims contends his trial counsel was ineffective because he did not call witnesses to testify on his behalf. Mims' trial counsel testified at the motion for new trial hearing that he and "the [defense] investigator . . . tried our best to get any kind of witnesses he may possibly have. He never did give us a single name." Mims testified at the hearing that he did supply trial counsel with the names of several witnesses who would have been helpful to him. It was for the trial court to determine the credibility of the witnesses on this issue at the motion for new trial hearing. *Buice v. State*, 239 Ga. App. 52, 61 (6) (b) (520 SE2d 258) (1999). The trial court's findings on issues of credibility "will be upheld unless clearly erroneous, as will its ultimate determination whether the defendant received effective assistance of counsel." (Citations and punctuation omitted.) *Griffith v. State*, 234 Ga. App. 326, 329 (2) (506 SE2d 676) (1998). The trial court's denial of the new trial motion on this basis was not clearly erroneous in this case.

*Judgment affirmed in part and reversed in part. Smith, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 7, 2006 —
RECONSIDERATION DENIED MARCH 17, 2006.

*James D. Lamb*, for appellant.
*J. Gray Conger, District Attorney, Ragen D. Marsh, Assistant District Attorney*, for appellee.