### A08A0565. GILBERT v. THE STATE.
#### (663 SE2d 299)

ADAMS, Judge.

John Gilbert, Jr., appeals after a jury convicted him of burglary, assault with intent to rape, aggravated assault, kidnapping with bodily injury and obstruction. We affirm.

On appeal, this Court neither weighs the evidence nor decides the witnesses' credibility, but only determines whether the record contains any evidence to sustain the conviction. In so doing, we construe the evidence and all reasonable inferences from it most strongly in favor of the jury's verdict. *Campbell v. State*, 278 Ga. 839, 840 (1) (607 SE2d 565) (2005). Construed in that light, the evidence shows that on July 7, 2003, the victim, a student at the University of Georgia, was living in an apartment complex in Athens. At around 11:00 that night, the victim was in her apartment alone talking on her cell phone when Gilbert knocked on her door and asked if "Mike" was there. She told Gilbert that he had the wrong apartment, and he asked if he could use her phone, if her "husband wouldn't mind." The victim brought her phone to the door, where Gilbert appeared to make a call. He returned the phone and began asking questions about the victim's boyfriend. When she said she was single, Gilbert began to "hit on" her. The victim told him she was tired and had a test the next day, indicating that nothing further was going to happen between them.

---

[15] (Citation omitted.) *Green v. State*, 281 Ga. 322, 323 (2) (638 SE2d 288) (2006). See also *Horner v. State*, 257 Ga. App. 12, 18 (6) (570 SE2d 94) (2002).

The victim began to close the door, but Gilbert forced it open, entered the apartment and began choking her. The victim struggled with Gilbert as he punched and choked her in the apartment's living room. She tried to scream, but could not because Gilbert kept a hand around her throat. At some point, Gilbert picked the victim up and dragged her into the kitchen, while continuing to punch her. In the kitchen, he opened drawers as if searching for something.

Gilbert next dragged the victim into the bedroom and threw her onto the bed. There, Gilbert continued to punch the victim, and she began looking for a Boy Scout knife she kept nearby. As the two struggled, Gilbert threw the victim off the bed and back onto it. When Gilbert began to remove his pants, the victim found the knife and attempted to stab him, but she lost the knife during the ensuing struggle. Gilbert then removed the victim's pants and attempted sexual intercourse with her. When, at some point, Gilbert removed his hand from the victim's throat, she screamed as loud as she could. Gilbert stumbled and began pulling up his pants, as the victim ran out of the apartment and went for help. Police later apprehended Gilbert as he ran from the apartment complex.

1. Gilbert first asserts that the evidence was insufficient to support the asportation element required to convict him of kidnapping. OCGA § 16-5-40 (a) provides that "[a] person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." Thus, a kidnapping conviction requires evidence of some movement of the victim, but proof of even slight movement will satisfy this requirement. *Harrell v. State*, 253 Ga. App. 691, 693 (1) (560 SE2d 295) (2002). Here, evidence that Gilbert forcibly moved the victim from the living room to the kitchen, and then from the kitchen to the bedroom, where he threw her on and off the bed, was more than sufficient to support Gilbert's kidnapping conviction. See *Woodson v. State*, 273 Ga. 557, 558 (544 SE2d 431) (2001) (victim's movement from bathroom to bedroom at defendant's threatening command prior to rape was sufficient to establish the asportation element of kidnapping); *Griggs v. State*, 264 Ga. App. 636, 638 (592 SE2d 168) (2003) (evidence that defendant dragged victim around room, picked her up, pushed her down and threw her bodily to the ground sufficient to support kidnapping conviction). Compare *Leppla v. State*, 277 Ga. App. 804, 810 (1) (627 SE2d 794) (2006) (no asportation where defendant and victim merely struggled and fell to the ground).

2. Gilbert next argues that he received ineffective legal assistance because his trial counsel failed to object to an improper *Allen*[1] charge.

After deliberating approximately ten hours, the jury in this case sent a note to the trial judge indicating that they had reached a verdict on five of the eight charges against Gilbert, but would be unlikely to reach a unanimous decision on the remaining three. The trial judge asked counsel if they wished to accept the verdict and declare a mistrial on three counts or if they would prefer that he give an *Allen* charge. After discussing the matter with Gilbert, Gilbert's trial attorney requested that they give the jury another hour and agreed with the trial court's suggestion that he give an *Allen* charge. The trial court's instruction tracked the language of the State's pattern *Allen* charge,[2] with some minor variations. Included in this charge was language that "[t]his case must be decided by some jury selected in the same manner this jury was selected and there is no reason to think a jury better qualified than you would ever be chosen."

Several weeks earlier, however, the Supreme Court of Georgia had issued an opinion holding that this language was inaccurate and should no longer be included in *Allen* charges in this State. *Burchette v. State*, 278 Ga. 1, 2 (596 SE2d 162) (2004). Nevertheless, the Supreme Court found that because the language was "but one small portion of an otherwise balanced and fair *Allen* charge, it did not render the charge impermissibly coercive." (Footnote omitted.) Id. at 3. Thus, after noting that the jurors deliberated almost as long after the charge as before and that each juror affirmed the verdict during polling, the court upheld Burchette's conviction. Id.

Gilbert asserts that his trial counsel was ineffective in failing to be aware of the *Burchette* decision and in failing to object to inclusion of this language in the *Allen* charge in this case. To establish his claim of ineffective assistance of counsel, Gilbert must establish

> both that his trial counsel's performance was deficient and that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the outcome of the trial would have been different but for counsel's errors. Failure to satisfy either prong of this two-part test is fatal to an ineffectiveness claim.

(Citation, punctuation and footnote omitted.) *Mitchell v. State*, 287

---

[1] *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896).

[2] Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.70.70, pp. 46-47 (3rd ed. 2003).

Ga. App. 517, 518 (1) (651 SE2d 821) (2007).

As the Supreme Court held, however, the language at issue was but one small part of an otherwise fair and balanced charge, and the charge as a whole cannot be deemed unduly coercive. The jury in this case was polled, and each juror affirmed the verdict as the one he or she had reached and agreed upon. Although the jury deliberated for a shorter period, less than two hours, after the *Allen* charge than before the charge, "the length of jury deliberations before and after the *Allen* charge . . . do[es] not render a non-coercive charge coercive." *Lowery v. State*, 282 Ga. 68, 72 (4) (a) (646 SE2d 67) (2007). See also *Graham v. State*, 273 Ga. App. 187, 191 (2) (614 SE2d 815) (2005). While the jury took more time to deliberate before the charge, they deliberated on all the counts and reached a decision on five counts in that period of time. And at the conclusion of deliberations, the jury was able to reach a decision on only seven of the eight counts, remaining deadlocked on the final count. The shorter time period after the *Allen* charge, therefore, was used to decide only two counts. Moreover, the fact that the jurors could not reach a verdict on the final count tends to show a lack of coercion. We find, therefore, that the charge was not impermissibly coercive under the circumstances of this case.

Accordingly, we hold that Gilbert cannot demonstrate a reasonable probability that the outcome of the trial would have been different but for his counsel's failure to object to this language, and his claim of ineffective assistance of counsel is without merit. See *Hampton v. State*, 279 Ga. 625, 629 (9) (619 SE2d 616) (2005).

3. Gilbert also contends that the trial court erred in failing to stop or instruct the jury regarding outbursts by the victim's family. After the State began introducing evidence of the victim's injuries, Gilbert's trial counsel moved for a mistrial. He stated that as the pictures were being introduced, members of the victim's family were audibly sobbing and that the bailiff gave one of the family members a tissue. When one of the family left the courtroom, he said the bailiff went out "to console." Both the prosecution and the judge noted, however, that the trial was being held in a very small courtroom and neither of them had heard any sobbing or other disturbance. The trial court then denied Gilbert's motion for mistrial. No curative instructions were requested or given at this time. At the end of trial, however, just prior to the jury's verdict, the trial court admonished the spectators in the courtroom, outside the presence of the jury, not to display emotions when the verdict was read, noting that "[d]uring the trial of this case, we've had some emotions shown."

But "[m]any, if not most, trials by jury involve some degree of emotion by at least one party or the other. It would be unreasonable to expect that all emotions be completely frozen during a trial by jury

when such effective bridle on emotions cannot be sustained elsewhere." (Citations and punctuation omitted.) *Forney v. State*, 255 Ga. 316, 318 (3) (338 SE2d 252) (1986). "Measures to be taken as a result of demonstrations and outbursts which occur during the course of a trial are matters within the trial court's discretion unless a new trial is necessary to insure a fair trial." (Citations omitted.) *Oliver v. State*, 276 Ga. 665, 668 (6) (581 SE2d 538) (2003).

Here, even if the victim's family reacted emotionally when the pictures of her injuries were shown, the only indication is that some family members were crying. "[S]uch emotions are reasonably expected" from a victim's family members. *Dick v. State*, 246 Ga. 697, 705 (14) (273 SE2d 124) (1980). The record does not reflect that any of the family members "became hysterical or made any prejudicial comments." *Williams v. State*, 276 Ga. 384, 385 (2) (578 SE2d 858) (2003). In fact, any disturbance was so slight that others in the small courtroom neither heard the crying, nor witnessed the bailiff passing a tissue or anyone leaving the courtroom upset. Under such circumstances, we cannot say that the trial court abused its discretion in denying Gilbert's motion for mistrial. See id. (victim's roommate crying on stand not ground for mistrial); *Dick v. State*, 246 Ga. at 705 (14) (victim's son crying on stand not ground for mistrial). Nor do we find error in the trial court's failure "to give curative instructions to a jury that may not have been aware of the incident." (Citation omitted.) *Veasley v. State*, 275 Ga. 516, 518 (3) (570 SE2d 298) (2002).

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED JUNE 16, 2008.

*Green & Green, Donarell R. Green IV*, for appellant.

*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney*, for appellee.