## A08A1219. BECK v. THE STATE.
### (665 SE2d 701)

BLACKBURN, Presiding Judge.

Following a jury trial, Bernard Beck appeals his conviction for distributing cocaine,[1] challenging the sufficiency of the evidence and arguing that the trial court clearly erred in finding he did not carry his burden of showing ineffective assistance of counsel. We hold that the evidence sufficed to sustain the conviction and to sustain the finding that Beck failed to show ineffective assistance of counsel. Accordingly, we affirm.

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State.*[2] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[3]

So viewed, the evidence shows that on February 5, 2005, a police detective arranged to have a confidential informant ("CI") conduct a controlled drug buy. After searching the CI and his vehicle to ensure that the CI had no drugs or money, the detective provided the CI with $100 in cash and wired him for audio transmission. Using binoculars, the detective observed the CI as he drove to a neighborhood and picked up a male of a minority race who was wearing a distinctive outfit consisting of an oversized dark blue denim jacket and matching dark blue denim pants. While this denim-clad male was in the CI's vehicle (during which time the CI drove about 100 yards down the street), the detective overheard and recorded the conversation between the CI and the male, which reflected the CI's purchasing cocaine from the male for $100.

After the transaction was concluded, the detective witnessed the male in the denim outfit exit the CI's vehicle and immediately enter the passenger side of a waiting black Ford Explorer vehicle driven by another individual, which vehicle began to drive away. The detective instructed an assisting officer waiting in a patrol vehicle hidden nearby to pull over the black Ford Explorer and to identify its occupants. Watching as the officer within a matter of seconds pulled behind the black Ford Explorer, the detective directed the officer to pull over "that Explorer right there in front of you." From afar, the

---

[1] OCGA § 16-13-30 (b). Beck was also found guilty of possessing cocaine and possessing cocaine with the intent to distribute, which counts the trial court merged into the distribution count for sentencing purposes.

[2] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

detective further witnessed the stop, during which the officer identified the denim-clad male (who was the sole passenger in the Explorer and who was of the minority race identified by the detective) as Beck; the Explorer's driver was a female.

The detective then immediately went to meet with the CI at a pre-arranged location and again searched him and his vehicle, finding no drugs or cash other than the substance received from Beck. The substance field tested positive for cocaine, which was confirmed by lab tests.

This evidence sufficed to show that Beck distributed cocaine to the CI in exchange for cash, which sustains Beck's conviction under OCGA § 16-13-30 (b).

2. Beck's remaining enumeration focuses on the trial court's finding (arising from the hearing on Beck's motion for new trial) that he failed to carry his burden of showing he received ineffective assistance of counsel. Beck's burden at that hearing was clear.

> To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficiency so prejudiced defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. The trial court's findings with respect to effective assistance of counsel will be affirmed unless clearly erroneous.

(Citations omitted.) *Domingues v. State.*[4]

(a) *Trial counsel failed at trial to object to the recorded conversation on Sixth Amendment grounds.* Citing *Crawford v. Washington,*[5] Beck on appeal first asserts that he received ineffective assistance when his trial counsel failed to object to the admission of the recorded conversation between the CI and himself on the ground that such violated his right to confront the CI, who did not testify. *Crawford* held that the Sixth Amendment prohibits the admission of testimonial statements of witnesses absent from trial unless both (i) the declarant is unavailable and (ii) the defendant has had a prior opportunity to cross-examine. Id. at 59 (IV). This rule applies even if the testimony meets an exception to the hearsay rule. Id. at 61 (V)

---

[4] *Domingues v. State*, 277 Ga. 373, 374 (2) (589 SE2d 102) (2003).

[5] *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004).

(A). See *Yancey v. State*[6] ("[t]he Confrontation Clause may bar the admission of some evidence that would be admissible under an exception to the hearsay rule").

However, assuming arguendo that the recorded conversation was objectionable as a violation of Beck's constitutional rights under the Confrontation Clause, we hold that trial counsel's decision not to object, if based on reasonable strategic and tactical grounds, would preclude a showing of ineffective assistance. "As a general rule, matters of reasonable trial tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel. A reviewing court evaluates trial counsel's performance from counsel's perspective at the time of trial." (Punctuation omitted.) *Robinson v. State*.[7] See *Abernathy v. State*[8] ("[t]rial tactics and strategy, however mistaken they may appear with hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them") (punctuation omitted).

At the motion for new trial hearing, trial counsel testified at length as to his reasons for not objecting to this recorded conversation on Confrontation Clause grounds. The State had announced that it did not intend to bring the CI to testify at trial; of utmost strategic importance, trial counsel did not "want to do anything that would cause" the State to bring the CI to trial and have him testify. If the defense were able to exclude the recorded conversation because the CI was not present at trial to testify, then the State would have had great motivation to produce that witness at trial, who could have confirmed in person the details of the drug transaction to the jury. Because the quality of the audio recording was poor, trial counsel carefully avoided making any objections to the recording that would corner or otherwise provoke the State into producing the CI as a witness, for trial counsel believed that such testimony would have been devastating and that Beck stood a much better chance of prevailing if all the State introduced was the sketchy audio recording. This was a calculated strategy to keep the CI out of the courtroom.

As this strategy was not patently unreasonable, the trial court did not err in finding that counsel's actions in this regard fell within the broad range of reasonable professional conduct.

(b) *Trial counsel did not move to suppress the evidence obtained during the traffic stop.* Beck next alleges that his trial counsel should

---

[6] *Yancey v. State*, 275 Ga. 550, 557 (3) (570 SE2d 269) (2002).

[7] *Robinson v. State*, 278 Ga. 31, 37 (3) (d) (597 SE2d 386) (2004).

[8] *Abernathy v. State*, 278 Ga. App. 574, 587 (3) (b) (v) (630 SE2d 421) (2006).

have moved to suppress the identification made by the officer during the traffic stop of the Ford Explorer, since the officer had witnessed no traffic violation nor otherwise had reasonable suspicion to stop the vehicle. "Because the failure to file a motion to suppress does not constitute per se ineffective assistance of counsel, an appellant must make a 'strong showing' that the evidence would have been suppressed had a motion been filed." *Mims v. State*.[9] As found by the trial court, Beck did not make such a showing here.

Evidence showed that the officer had reasonable suspicion if not probable cause to stop the vehicle. The detective who directed the officer to pull the black Ford Explorer over had just witnessed a distinctively-clad male enter the CI's vehicle, overheard via audio transmission the conversation between the CI and that male in which drugs were sold in exchange for $100, and had seen that male then exit the CI's vehicle and enter as a passenger into the Explorer. The detective maintained constant visual contact as the officer pulled behind the Explorer; he then told the officer to pull over the Explorer that was right in front of him and to identify the distinctively-clad male passenger. The collective knowledge of the police in this carefully-orchestrated operation, in which the detective was in close communication with the officer conducting the stop, provided ample grounds for reasonable suspicion if not probable cause that the passenger in the Explorer had just committed a crime, which justified the stop. See *Weldon v. State*.[10] A motion to suppress would have been futile. See *State v. Lane*.[11] Compare *Murray v. State*[12] (motion to suppress granted where the officer who stopped vehicle in vicinity of crime on a different street had no description of the driver, the model or year of the vehicle, or the direction in which the vehicle was heading).

(c) *Trial counsel failed to adequately challenge the admission of prior convictions at the sentencing hearing*. Beck asserts that his trial counsel failed to adequately challenge the admission of two of the four prior convictions introduced at the sentencing hearing. Because the admission of three prior felonies subjected Beck to punishment under OCGA § 17-10-7 (c), Beck complains that if his counsel had been able to keep out two of the convictions, his sentencing would have been different.

Beck argues that as to one of the prior felony convictions (Case No. 47568 — two motor vehicle thefts), the State failed to adequately

[9] *Mims v. State*, 278 Ga. App. 282, 285 (3) (628 SE2d 596) (2006).
[10] *Weldon v. State*, 291 Ga. App. 309, 311 (661 SE2d 672) (2008).
[11] *State v. Lane*, 275 Ga. App. 781, 782-783 (621 SE2d 862) (2005).
[12] *Murray v. State*, 282 Ga. App. 741, 742-743 (639 SE2d 631) (2006).

notify him of its intent to introduce that conviction, and that had his counsel vigorously pursued the exclusion of that conviction on that ground, it would not have been admitted. However, the State gave Beck pre-trial notice that it intended to introduce this conviction at sentencing when the State furnished to Beck a copy of his Georgia Crime Information Center ("GCIC") criminal history (which listed this conviction) and notified Beck in writing that the State intended to present all felony cases described in the GCIC for purposes of sentencing under OCGA § 17-10-7. This notice sufficed under OCGA § 17-16-4 (a) (5). See *Evans v. State*[13] (notifying defendant of intent to introduce all felony convictions on attached GCIC sufficed under similarly-worded former OCGA § 17-10-2 (a)). Therefore, any objection in this regard would have been futile. See *Kidd v. State*[14] ("it is well settled that an attorney's failure to assert a futile objection provides no basis for a claim of ineffective assistance of counsel").

The trial court expressly found that this conviction combined with the two unchallenged prior convictions would have caused the court to sentence as it did under OCGA § 17-10-7 (c), a point conceded by Beck in his appellate brief. Accordingly, we need not discuss whether trial counsel's alleged failure to seek to exclude the fourth conviction was deficient, as no prejudice would have arisen from this failure.

For these reasons, the trial court did not clearly err in finding that Beck failed to carry his burden of showing ineffective assistance of counsel.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JUNE 23, 2008 —
RECONSIDERATION DENIED JULY 7, 2008 — 

*Benjamin D. Goldberg, Michael R. McCarthy*, for appellant.
*Kermit N. McManus, District Attorney, Mark P. Higgins, Jr., Assistant District Attorney*, for appellee.

---

[13] *Evans v. State*, 290 Ga. App. 746, 748 (660 SE2d 841) (2008).
[14] *Kidd v. State*, 277 Ga. App. 29, 34 (3) (625 SE2d 440) (2005).